UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

JOHN R. WALSH, III,

        Plaintiff,

        v.

JUDGE CONABOY, et al.

        Defendants.

Civil Action No. 3:16-CV-1429

(Judge Kosik)

## **MEMORANDUM**

Before the court for disposition is another civil action filed by *pro se* Plaintiff, John R. Walsh, III. Upon the obligatory preliminary screening of the complaint (Doc. 1), pursuant to 28 U.S.C. § 1915(e)(2), we will dismiss the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

### I. BACKGROUND

Plaintiff initiated this action by filing a complaint (Doc. 1) on July 13, 2016. Plaintiff names as defendants in this action, Judge Conaboy, Magistrate Judge Mehalchick, Bishop Joseph Bambera, Bishop James Timilin, Bishop Joseph Martino, Father Michael Finn, the Scranton Diocese, and Daniel Brier, Esq. Plaintiff's complaint falls short of the pleading requirements set forth in the Federal Rules of Civil Procedure and is nothing more than a nonsensical narrative, which includes random theological observations and disjointed thoughts. For instance, Plaintiff alleges that "the Third Letter of Fatima will reveal the Vatican has been infiltrated by satanic forces beyond what even [Plaintiff] could have imagined...." and that Plaintiff himself has "infiltrated [the] court rooms...." (Doc. 1, ¶¶ 15, 18). It is with the backdrop of these "allegations" that we provide the following preliminary screening of the complaint.

### II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915, the court may review an *in forma pauperis* complaint

prior to service and "shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious [or] (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  An action is "frivolous where it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional," Neitzke, 490 U.S. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

28 U.S.C. § 1915's failure to state a claim standard mirrors Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. Rule 12(b)(6).

In determining the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has documented the evolving nature of pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. V. Twombly, 550 U.S. 644 (2007)* continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which contains a short and plain statement of the claim, showing that the pleader is entitled to relief.  The complaint must provide the defendant with fair notice of the claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not

whether the plaintiff will ultimately prevail. See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. Lastly, a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404

U.S. 519, 520-21 (1972).

### III. DISCUSSION

The Court finds that Plaintiff's allegations, if they can be categorized as such, are frivolous because they are wholly incredible and delusional.  Additionally, Plaintiff falls far short of stating any claim upon which relief may be granted.  Plaintiff does not provide any factual allegations to support any legal grounds for liability against any defendant.  This Court cannot even discern any legal grounds set forth in Plaintiff's Complaint.  Beyond a doubt, there are no facially plausibile claims pleaded by Plaintiff.

### III. CONCLUSION

For the foregoing reasons, we will dismiss Plaintiff's complaint (Doc. 1).  An appropriate order follows.